# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAUL GOMEZ GONZALEZ,

    Petitioner,

v.                                        Case No. 8:10-cv-481-T-30TGW

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

       Petitioner, a State of Florida inmate proceeding *pro se*, petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of his convictions for armed burglary of a dwelling with the discharge of a firearm and attempted robbery with the discharge of a firearm. (Dkt. #1). Petitioner challenges his convictions on grounds of trial court error and ineffective assistance of trial counsel.

## Standard of Review

       The Anti-Terrorism and Effective Death Penalty Act created a new limitation period for petitions for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). *See also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (application for post-conviction relief is properly filed when its delivery and acceptance comply with applicable state laws and state rules governing filings). A federal district court must dismiss an untimely petition absent equitable tolling or a delayed start of the limitation. 28 U.S.C. § 2244(d)(1)(A)-(D).

**Discussion**

**I.     Timeliness**

A jury convicted Petitioner and the state trial judge sentenced him to concurrent terms of twenty years of imprisonment on each count of conviction. Petitioner appealed. On December 19, 2003, the state district court of appeal affirmed Petitioner's convictions and sentences in a *per curiam* decision without written opinion. (Dkt. #20, Ex. 4). Petitioner filed no petition for writ of certiorari in either the Florida Supreme Court or the United States Supreme Court.

On November 18, 2004, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. (Dkt. #20, Ex. 6). He filed an amended Rule 3.850 motion on May 17, 2005. (Dkt. #20, Ex. 8). Following an evidentiary hearing on September 26, 2006, the state post-conviction court denied the motion on February 6, 2007. (Dkt. #20, Ex. 13). Petitioner appealed. On January 21, 2009, the state district court of appeal affirmed

the denial of Petitioner's Rule 3.850 motion. (Dkt. #20, Ex. 17). The mandate issued on February 18, 2009. (Dkt. #20, Ex. 18).

Petitioner's conviction became final on March 19, 2004, when the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002); Sup. Ct. R. 13.3.[1] The limitation period for timely filing a federal habeas petition began running the following day on March 20, 2004, giving Petitioner until March 20, 2005, to timely file a Section 2254 petition absent any tolling by a "properly filed" application for state post-conviction relief.

Petitioner did not file a motion for post-conviction relief in the state courts between March 20, 2004, when the federal limitation commenced and November 18, 2004, when he filed his Rule 3.850 motion. Between March 20, 2004, and November 18, 2004, 243 days of the one-year limitation under 28 U.S.C. § 2244(d) elapsed. The limitation period remained tolled until February 18, 2009, when the state district court of appeal issued its mandate on the denial of Petitioner's Rule 3.850 motion. The following day, on February 19, 2009, the federal limitation re-commenced. Petitioner had 122 days remaining, until June 21, 2009, to timely file his Section 2254 petition.

Petitioner presented his Section 2254 petition to prison officials for mailing on April 19, 2010. (Dkt. #1, p. 1). By that date, the one-year limitation for timely filing a federal

---

[1] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3.

3

habeas petition had expired. Absent a demonstration of entitlement to equitable tolling, Petitioner's federal habeas petition is time-barred precluding federal review.[2]

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, -- F.3d -- , 2011 WL 620990 at *7 (11th Cir. 2011). *See also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). "[E]quitable tolling applies only in truly extraordinary circumstances." *Johnson v. United States*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002)). *See also Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008) (Equitable tolling "is an extraordinary remedy that must be applied sparingly."). The burden of establishing entitlement to this extraordinary remedy plainly rests with Petitioner. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

In an apparent assertion of entitlement to equitable tolling, Petitioner claims "that a government-created impediment to filing [a] timely [petition] existed due to his incarceration absent adequate legal assistants to assist foreign inmates who are very limited in their reading

---

[2] Inexplicably, neither Petitioner nor Respondent addresses the timeliness of the instant petition. This court afforded Petitioner the opportunity to address the timeliness issue even though Respondent did not plead the statute of limitation as an affirmative defense. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"). *See also Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possessed the discretion to raise *sua sponte* the timeliness of a state prisoner's petition for writ of habeas corpus). In his response Petitioner concedes that his petition is time-barred under the AEDPA one-year limitation. (Dkt. #22).

and writing of the English language as well as their comprehension of it." (Dkt. #22, p. 1). Petitioner further argues that, because he is a native of Mexico and his English skills are "low," he could not have discovered the facts supporting his claims and "was left to the mercy of any fellow inmate who was able to help him in which case a limit of time didn't exist."[3]

Petitioner's asserted language difficulty provides no basis for equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005) (rejecting argument that language difficulty constitutes an "extraordinary circumstance" to justify equitable tolling of one-year filing requirement for a Section 2255 motion to vacate). Petitioner fails to demonstrate any extraordinary circumstance that caused him to erroneously calculate the period for timely filing a federal habeas petition through the exercise of due diligence. Consequently, no basis exists entitling Petitioner to equitable tolling and his petition is, therefore, time-barred.

## II. <u>Cognizability and Procedural default</u>

Even if the petition were timely, Petitioner is not entitled to relief.

**Ground One**

Petitioner contends that the state trial judge erred by denying Petitioner's motion for judgment of acquittal. Ground one presents no basis for federal habeas relief.

---

[3] Petitioner does not allege that during the running of the one-year limitation he was unable, despite diligent effort, to procure the assistance of a fellow inmate to aid him in filing a timely Section 2254 petition.

Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). *See also Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993). Petitioner's claim challenging the state court's failure to grant his motion for judgment of acquittal under state law presents no basis for federal habeas corpus relief because the claims present no federal constitutional question. 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to re-examine state court determinations on state-law questions."). The limitation on federal habeas review to a claim of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).

Petitioner alleges neither a Constitutional violation nor a violation of federal law.[4] Consequently, ground one warrants no relief.

**Grounds Two, Three, and Five**

In ground two Petitioner contends that his trial counsel rendered ineffective assistance by neither deposing nor calling at trial five witnesses whose testimony would have exculpated Petitioner. In ground three Petitioner contends that his trial counsel rendered ineffective assistance by failing to "investigate, discover, question [or] call [as witnesses]

---

[4] Petitioner raised this claim on direct appeal but challenged the denial of his motion for judgment of acquittal on state law grounds only. (Dkt. #20, Ex. 2).

numerous responding police [officers]." (Dkt. #1, p. 18). In ground five Petitioner contends that the cumulative effect of trial counsel's errors deprived Petitioner of his rights to due process, equal protection, a fair trial, and the effective assistance of counsel.

Petitioner presented the allegations in grounds two, three, and five to the state court in his Rule 3.850 motion. The state post-conviction court summarily denied some portions of the claims without an evidentiary hearing and directed the State to respond to the remaining allegations. (Dkt. #20, Ex. 9). Based on the response, the state post-conviction court ordered an evidentiary hearing on the remaining claims. (Dkt. #20, Ex. 11). Following the hearing, the state post-conviction court denied relief on all of the remaining claims (Dkt. #20, Exs. 12, 13). Petitioner appealed. In his appellate brief Petitioner failed to challenge the denial of the claims presented in grounds two, three, and five of this petition. This failure results in a procedural default of those grounds for relief.

In Florida, exhaustion of claims raised in a Rule 3.850 motion includes an appeal from the denial of the motion. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979). More specifically, when a Rule 3.850 motion has been denied after an evidentiary hearing, the applicable state procedural rule provides a briefing schedule. *See* Fla. R. App. P. 9.141(b)(3)(C). Submission of a brief without an argument on a particular issue results in a waiver of that issue. *See Duest v. Dugger*, 555 So.2d 849 (Fla. 1990) ("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").

Although Petitioner pursued an appeal of the denial of his Rule 3.850 motion, he failed to challenge the denial of the claims presented in grounds two, three, and five of this petition. Because Petitioner's post-conviction appeal was from a Rule 3.850 order denying relief after an evidentiary hearing, state procedural rules obliged Petitioner to file an appellate brief. *See* Fla. R. App. P. 9.141. His appellate counsel's decision to pursue only one claim on appeal abandoned the remaining claims raised in the underlying Rule 3.850 motion, both those summarily denied and those denied after the evidentiary hearing. The Eleventh Circuit has recognized the distinction between a state post-conviction appeal after a summary denial and a state post-conviction appeal following an evidentiary hearing:

> Cortes argues that the district court erred by dismissing his § 2254 petition because he exhausted all issues by appealing the denial of his state Rule 3.850 motion. He argues that he was not required to file an appellate brief when he appealed the denial of the 3.850 motion, and that his decision to file a brief focusing on two of the issues did not render the remaining issues abandoned.
>
> . . . .
>
> In this case, Florida Rule of Appellate Procedure 9.141(b)(2) provides that in appeals from the summary judgment denial of a Rule 3.850 motion without an evidentiary hearing, "[n]o briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling." Fla. R. App. P. 9.141(b)(2)(C).
>
> Cortes's appeal did not follow an evidentiary hearing, and, therefore, he was not required to file an appellate brief. Furthermore, his decision to do so and to address only some of the issues does not waive the remaining issues raised in his Rule 3.850 motion. *See Webb v. State*, 757 So.2d 608, 609 (Fla. Dist. Ct. App. 2000). Therefore, Cortes did exhaust his state remedies prior to filing his § 2254 petition. In contrast, had Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver. (footnote omitted).

8

*Cortes v. Gladish*, 216 Fed. App'x. 897, 898 (11th Cir. 2007) (unpublished).

The state rule requiring submission of an appellate brief bars Petitioner's returning to state court to challenge the denial of his federal claims in a second appeal of the denial of his Rule 3.850 motion. *See* Fla. R. App. P. 9.141(b)(3)(C). Petitioner's failure to assert on post-conviction appeal the claims presented in grounds two, three, and five of this federal habeas petition results in the default of these grounds.

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1125, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). In other words, a petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental

miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner fails to demonstrate cause and prejudice excusing his default. *Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. He neither alleges nor shows that the fundamental miscarriage of justice exception applies. *Henderson*, 353 F.3d at 892. Because Petitioner fails to proffer specific facts showing an exception to procedural default, grounds two, three, and five of this federal petition are procedurally barred from review.

### III. Merits

**Ground Four**

Petitioner contends that his trial counsel rendered ineffective assistance by not objecting at trial to allegedly improper language in the jury instruction on burglary. Petitioner argues that the evidence adduced at trial did not support the instruction given to

the jury which included language about "remaining in" the dwelling and "stealthy entry."[5]

The state post-conviction court rejected this argument in Petitioner's state Rule 3.850 motion:

> [T]he Defendant first alleges that counsel was ineffective for failing to object to the "remaining in" language of the burglary instructions. However, counsel did object at trial. Therefore, after reviewing this portion of ground 3 [of the Rule 3.850 motion], the court file, and the record, the Court finds that Defendant has failed to meet the first prong of *Strickland* in that he has failed to prove counsel acted deficiently in failing to make an objection when counsel clearly objected to the instructions at trial. Since the Defendant failed to prove the first prong of *Strickland*, it is unnecessary to address the prejudice component. *Downs v. State*, 740 So. 2d 506, 518 n.19 (Fla. 1999). As such, no relief is warranted upon this portion of ground 3.
>
> The Defendant also alleges in ground 3 that counsel was ineffective for failing to make a timely contemporaneous objection to the inclusion of the "stealthy entry" language of the burglary instructions as given to the jury at trial. The Defendant cites to *Vinson v. State*, 575 So. 2d 1371 (Fla. 4th DCA 1991) and *Daughtry v. State*, 804 So. 2d 426 (Fla. 4th DCA 2001), in support of his allegations. However, the facts

---

[5] The burglary instruction read to the jury states in relevant part:

Before you can find the defendant guilty of burglary, the State must prove the following three elements beyond a reasonable doubt:

    1.    Saul Gonzalez entered or remained in a dwelling owned by or in the possession of [the victims].

    2.    Saul Gonzalez did not have the permission or consent of [the victims] or anyone authorized to act for the victim[s] to enter or remain in the dwelling at the time.

    3.    At the time of entering or remaining in the dwelling Saul Gonzalez had a fully-formed, conscious intent to commit an offense in that dwelling.

. . .

Proof of entering a dwelling stealthily and without the consent of the owner or occupant may justify a finding that the entering was with the intent to commit an offense if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.

. . .

Even though an unlawful entering or remaining in a dwelling is proved, if the evidence does not establish that it was done with the intent to commit an offense[,] the defendant must be found not guilty.

(Dkt. #20, Ex. 19, p. 26).

elicited at trial are distinguishable from the cases that have held that it was error for the instruction to have been given. This was not a case where the Defendant's entry into the dwelling was anything but stealthy. *See Peters v. State*, 76 So. 2d 147 (Fla. 1954). In *Peters*, the facts indicated that the defendant had rung the door bell, spoke to the victim from outside the dwelling, and tried both the front and back door before kicking out the screen of a door or window in the kitchen. *Id.* Here, the facts elicited at trial indicated that the Defendant entered the dwelling in the middle of the night through a closed but unlocked door without first knocking, drank orange soda in the kitchen, and entered the bedroom when the occupants awoke to find the Defendant standing in the room. Therefore, the facts would warrant the "stealthy entry" instruction. Since the Defendant has failed to meet the first prong of *Strickland*, it is unnecessary to address the prejudice component. *See Downs v. State*, 740 So. 2d 506, 518 n.19 (Fla. 1999). As such, no relief is warranted upon this portion of ground 3.

(Dkt. #20, Ex. 9, pp. 4-5).[6]

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance

---

[6] This claim was not a subject of the Rule 3.850 evidentiary hearing and is the only ground Petitioner raised on appeal of the denial of the Rule 3.850 motion. Assuming, *arguendo*, this petition's timeliness, this ground is properly exhausted and subject to review on the merits.

12

claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

The record supports the state court's rejection of Petitioner's allegations. Contrary to Petitioner's contention, trial counsel objected to the "remaining in" language being used in the jury instruction on burglary. (Dkt. #20, Ex. 19, pp. 272-76). Consequently, Petitioner cannot obtain relief on this claim of ineffective assistance of counsel because he cannot show either deficient performance or resulting prejudice. *Strickland*, 466 U.S. at 691-92. The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this ground.

Petitioner's challenge to the "stealthy entry" language fares no better. While Petitioner's ineffective assistance claim is of federal constitutional dimension, his underlying claim of the propriety of the jury instruction is a matter of state law. Both the state post-conviction court in rejecting Petitioner's claim and the state district court of appeal in affirming that rejection have answered the question of what would have happened if counsel had objected to the inclusion of the "stealthy entry" language in the burglary instruction. *See, e.g., Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . . It is a

'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'"). Accordingly, Petitioner cannot show either deficient performance or resulting prejudice from counsel's decision not to object to the inclusion of this language in the burglary instruction.

Ground four warrants no relief because the elements of *Strickland* remain unsatisfied and Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground for relief. *See* 28 U.S.C. § 2254(d)(1), (2).

## **Evidentiary hearing**

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

## **CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's petition for the writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 4, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2010\10-cv-481.deny 2254.wpd